MATTER OF D——

In DEPORTATION Proceedings

A-10976326

*Decided by Board May 25, 1960*

Deportability—Section 241(a)(4)—Petty offense exemption not applicable.

Petty offense exemption in section 4 of Act of September 3, 1954 held inapplicable to deportation charge under section 241(a)(4) of the Immigration and Nationality Act.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted and sentenced for a year or more for a crime involving moral turpitude committed within five years after entry, to wit, forgery, in violation of section 470 of the Penal Code of California.

BEFORE THE BOARD

**Discussion:** The case is before us by certification. The special inquiry officer ordered the respondent deported upon the ground stated above and certified the case.

The respondent, a native and last a national of Hungary, was admitted to the United States for permanent residence on January 16, 1957, and last entered the United States after a visit of 2 days to Canada in the spring of 1959. On August 13, 1959, the respondent was convicted on a plea of guilty of the crime of forgery (section 470, Penal Code of California) and for an offence committed on or about July 2, 1959. He was sentenced to imprisonment in the county jail for a term of one year, and he was placed on probation for 2 years. The sentence was suspended on the condition that the respondent spend the first 3 months in the county jail. Where confinement is to be in the county jail, forgery is punishable by imprisonment for not more than one year (section 473, California Penal Code).

One convicted of a crime involving moral turpitude who has received a suspended sentence to a year or more comes within the terms of section 241(a)(4) and is deportable (*Matter of V——*, 7 I. & N. Dec. 577). The examining officer and the special inquiry officer believe that section 4 of the Act of September 3, 1954 can

be used to remove such an alien from the deportable class. We do not agree. We believe that section 4 may be used where the charge is based on excludability under section 212(a)(9) of the Immigration and Nationality Act, but not where the charge is based on section 241(a)(4) of the Immigration and Nationality Act.

Broadly speaking, section 4 provides that if the "punishment actually imposed" upon a convicted person is to imprisonment of no more than six months, that person is not inadmissible to the United States despite the provisions of section 212(a)(9) relating to the exclusion of aliens convicted of crime (*Matter of C——*, 6 I. & N. Dec. 331). The special inquiry officer attempted to determine if a suspended sentence to one year's imprisonment or the 3 months' imprisonment actually served was the punishment actually imposed in the instant case. We do not believe his inquiry was pertinent. The provisions of section 4 were not meant to have any relation to a charge based on section 241(a)(4). We find no alternative to this conclusion in view of the fact that a sentence to imprisonment for one year which is suspended is a proper ground for the deportation under section 241(a)(4) even though the alien has never been confined. Thus, if the alien in the instant case had not been required to spend 3 months in jail as part of the suspended sentence he received, he would clearly be deportable. It would be illogical to say that because he is required to serve part of his suspended sentence, he should be in a better position than the alien whose suspended sentence does not call for some confinement.

Decisions of this Board relating to the application of section 4 must be viewed in light of the fact that either the charge dealt with section 212(a)(9) of the Immigration and Nationality Act (8 U.S.C. 1182(a)(9)), or the case dealt with questions of good moral character.

After the respondent's entry in the spring of 1959, and within five years after that entry, he committed a crime and was sentenced to confinement for a year. He is deportable under section 241 (a)(4).

Order: It is ordered that the respondent be deported from the United States in the manner provided by law on the charge contained in the order to show cause.